

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2004

# Piller v. Valentino

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-1146

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Piller v. Valentino" (2004). *2004 Decisions.* Paper 473.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/473

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 00-1146
_____


SHAINDE PILLER

Appellant


v.


JOHN J. VALENTINO; MARY CLARE VALENTINO; 3177-79 RICHMOND
ST; 3036 RICHMOND STREET CORP., t/a JV DISTRIBUTING


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 99-mc-00040)
District Judge:  The Honorable Stewart Dalzell


_____


Submitted Under Third Circuit LAR 34.1(a)
June 21, 2004


Before: NYGAARD, McKEE, and CHERTOFF, <u>Circuit</u> <u>Judges</u>.


(Filed: July 22, 2004)


_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant Shainde Piller appeals from an order granting the appellees' motion to confirm their arbitration award. We will affirm.

I.

Various individuals and corporations, including Piller and referred to herein as the Kent parties, had business relationships with John J. and Mary Claire Valentino, 3177/79 Richmond Corp., and 3036 Richmond Street Corp., t/a JV Distributing. The Kent parties purchased electronics goods from JV. Through an unwritten agreement, the parties also formed 1832 MacAurthur Corporation.

A dispute between the Kent parties and JV occurred when JV alleged that the Kent parties refused to pay for approximately $1,000,000 in goods (the accounts receivable claims), and the parties disagreed about capital contributions to 1832 Corp. (the 1832 claims). JV filed suit, and the parties agreed to arbitrate the dispute before the American Arbitration Association. After eighteen months of arbitration, the arbitrator awarded JV $878,122.23 on the accounts receivable claims and $203,479.27 on the 1832 claims, and additionally ordered that 1832 Corp. be liquidated. JV filed an action to confirm the arbitration award and the Kent parties moved to vacate the award. After the parties agreed the awards were flawed and should be vacated, the District Court issued such an

2

order. The matter was remanded to the AAA and, after consideration of new submissions by the parties and reconsideration of the materials previously before him, the arbitrator entered a final award in favor of JV that was similar to the initial award. Shainde Piller, the remaining Kent party, filed an action in the District Court to vacate the final award. The Court granted JV's cross-petition to confirm the final award and this appeal followed.

## II.

The courts have very limited discretion to disturb an arbitration award. *See, e.g., Amalgamated Meat Cutters & Butcher Workmen v. Cross Bros. Meat Packers, Inc.*, 518 F.2d 1113, 1121 (3d Cir. 1975) (noting that our scope of review under the FAA is "narrow in the extreme"); *see also* 9 U.S.C. §§ 9-10. Section 10(a) of the FAA limits the grounds on which a court may vacate an arbitration award to: (1) awards procured by corruption, fraud, or undue means; (2) cases where there was evident partiality or corruption by the arbitrator(s); (3) cases where the arbitrator(s) acted with misconduct so as to prejudice a party; or (4) cases where the arbitrator(s) exceeded or imperfectly executed their powers such that a final and definite award was not made. 9 U.S.C. § 10(a). We have held that

> an arbitrator's award must be upheld if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract

3

> construction and the law of the shop, may a reviewing court
> disturb the award.

*U.S. Steel & Carnegie Pension Fund v. McSkimming*, 759 F.2d 269, 270-71 (3d Cir. 1985) (internal quotations omitted).

### III.

On appeal, Piller makes two arguments attacking the arbitrator's award. First, she argues that the arbitrator exceeded his authority by deviating from the parties' agreement to be bound by the report of the accounting firm Tait, Weller & Baker ("TWB").

Arbitrators derive their authority from the arbitration agreement, and where action is taken in excess of this granted authority, a court may vacate the award. We have used a two-step process to determine whether an arbitrator exceeded his powers: (1) the form of the award must be rationally derived either from the agreement between the parties or from the parties' submission to the arbitrators, and (2) the terms of the award must not be "completely irrational." *Mut. Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.*, 868 F.2d 52, 56 (3d Cir. 1989).

Here, the arbitrator did not exceed his authority because the terms of the award were not irrational and it was derived from the agreement of the parties and the parties' submissions. The parties had agreed to retain TWB to report on the accounts receivables and the 1832 claims, and these reports were admitted into evidence and considered by the arbitrator. In addition, however, the arbitrator appropriately considered the testimony of a

number of individuals and extensive documentary evidence. In doing so, the arbitrator did not exceed his powers.

Piller's second argument is that the arbitrator's award should be vacated because the arbitrator acted in manifest disregard of the law and facts. We have held that in order for a court to vacate an arbitration award, there must be absolutely nothing in the record to justify the arbitrator's decision. *See News Am. Publ'ns, Inc. v. Newark*, 918 F.2d 21, 24 (3d Cir. 1990). "As long as the arbitrator has *arguably* construed or applied the contract, the award must be enforced." *Id*. at 24 (emphasis in original) (citing *United Paperworkers Int'l Union v. Misco*, 484 U.S. 29, 38 (1987)).

As discussed above, the arbitrator's decision was based on a consideration of all the evidence before him. Piller has identified no specific facts that the arbitrator manifestly disregarded. Thus under our highly deferential standard of review, we will affirm.

IV.

For the reasons set forth, we will affirm the District Court's order granting the appellees' motion to confirm the award.

_____